UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TRUNG Q. LE, et al.,<br><br>    Defendants. | Case No. 14-cv-02945-PSG<br><br>**FINAL JURY INSTRUCTIONS** |

## 1. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No. 14-cv-02945-PSG
FINAL JURY INSTRUCTIONS

## 2. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### 3. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 4. DEMONSTRATIVE EVIDENCE

During the trial, materials have been shown to you to help explain testimony or other evidence in the case. Other materials have also been shown to you during the trial, but they have not been admitted into evidence. You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.

**5. SUMMARY OF CONTENTIONS**

I will now summarize for you each side's contentions in this case. I will then tell you what each side must prove to win on each of its contentions.

## 6. NONPAYMENT OF OVERTIME COMPENSATION—ESSENTIAL FACTUAL ELEMENTS

Plaintiff Juan Carlos Martinez claims that Defendants Trung Q. Le and Letech Manufacturing, Inc. owe overtime pay as required by state law.

To establish this claim, Mr. Martinez must prove all of the following:

1. That he performed work for Defendants;

2. That he worked overtime hours;

3. That Defendants knew or should have known that Mr. Martinez had worked overtime hours;

4. That Mr. Martinez was not paid for all overtime hours worked; and

5. The amount of overtime pay owed.

Under California law, overtime hours are defined as any hours worked in excess of 8 hours per day or 40 hours per week.

Overtime pay under California law is one and a half times the employee's regular rate of pay for all hours worked in excess of 8 hours up to and including 12 hours in any workday, and double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday.

An employee is entitled to be paid the legal overtime pay rate even if he or she agrees to work for a lower rate.

Defendants deny this claim.

### 7. NONPAYMENT OF OVERTIME COMPENSATION—PROOF OF OVERTIME HOURS WORKED

State law requires California employers to keep payroll records showing the hours worked by and wages paid to employees.

If Defendants did not keep accurate records of the hours worked by Mr. Martinez, then he may prove the number of overtime hours worked by making a reasonable estimate of those hours.

In determining the amount of overtime hours worked, you may consider Mr. Martinez' estimate of the number of overtime hours worked and any evidence presented by Defendants that Mr. Martinez' estimate is unreasonable.

8

Case No. 14-cv-02945-PSG
FINAL JURY INSTRUCTIONS

## 8. LIQUIDATED DAMAGES

Mr. Martinez claims that Defendants owe overtime pay under federal law as liquidated damages in addition to the overtime wages owed under state law.

To establish this claim, Mr. Martinez must prove all of the following:

1. That he performed work for Defendants;
2. That he worked overtime hours;
3. That Defendants knew or should have known that Mr. Martinez had worked overtime hours;
4. That Mr. Martinez was not paid for all overtime hours worked; and
5. That Defendants intentionally failed to pay Mr. Martinez overtime wages.

Under federal law, overtime hours are defined as any hours in excess of 40 hours per week.

The court will determine the amount of liquidated damages, if any.

Defendants deny this claim.

9
Case No. 14-cv-02945-PSG
FINAL JURY INSTRUCTIONS

### 9. WAITING-TIME PENALTY FOR NONPAYMENT OF WAGES

If you decide that Mr. Martinez has proved his claim against Defendants for unpaid overtime wages, then Mr. Martinez may be entitled to receive an award of a civil penalty based on the number of days Defendant failed to pay his wages when due.

To recover the civil penalty, Mr. Martinez must prove all of the following:

1. The date on which his employment ended;
2. That Defendants failed to pay all wages due by that date;
3. Mr. Martinez' daily wage rate at the time his employment with Defendants ended; and
4. That Defendants willfully failed to pay these wages.

The term "willfully" means that the employer intentionally failed or refused to pay the wages.

The court will determine the amount of waiting-time penalties, if any.

Defendants deny this claim.

10

Case No. 14-cv-02945-PSG
FINAL JURY INSTRUCTIONS

## 10. UNFAIR BUSINESS PRACTICES

State law makes it unlawful for employers to engage in unfair business practices by violating state and federal wage and hour laws.

To establish this claim, Mr. Martinez must prove all of the following:

1. That he performed work for Defendants;
2. That he worked overtime hours; and
3. That he was not paid for all overtime hours worked.

Defendants deny this claim.

Case No. 14-cv-02945-PSG
FINAL JURY INSTRUCTIONS

11

### 11. RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**SO ORDERED.**

Dated: February 23, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

12

Case No. 14-cv-02945-PSG
FINAL JURY INSTRUCTIONS