UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MARTINEZ,<br>   Plaintiff,<br>  v.<br>TRUNG Q. LE, et al.,<br>   Defendants. | Case No. 14-cv-02945-PSG<br><br>**JUDGMENT** |

  This action came before the court for a trial by jury. After trial, the jury rendered a verdict in the amount of $16,000 in favor of Plaintiff Juan Carlos Martinez against Defendants Trung Q. Le and Letech Manufacturing, Inc.[1] The jury found that Martinez' hourly rate of pay throughout his employment was $10 per hour.[2] Consistent with the jury's factual findings, after trial the court awards Martinez $2,400 in waiting time penalties under Cal. Lab. Code § 203[3] and $4,000 in penalties for failure to provide wage stubs as required by Cal. Lab. Code § 226.[4]

---

[1] *See* Docket No. 39.

[2] *See id.* at 2.

[3] Section 203 provides that "the [daily] wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid" up to a maximum of 30 days. The $2,400 penalty is based on an eight-hour work day at a pay rate of $10 per hour for the 30-day maximum. Defendants have not objected to this calculation.

[4] Section 226(e)(1) provides that a violation is punishable by "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Defendants admitted that they provided no wage stubs to Martinez, and they did not object to his request for the statutory maximum penalty.

1

Case No. 14-cv-02945-PSG
JUDGMENT

Martinez also has claimed liquidated damages under federal law.[5] The Fair Labor Standards Act provides that "[a]n employer who violates the overtime law is liable not only for the unpaid overtime compensation but also 'in an additional equal amount as liquidated damages.'"[6] Unless "the employer shows that it acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that its conduct did not violate the FLSA," liquidated damages are the norm and not the exception.[7] Here, the jury found that Defendants' failure to pay overtime wages was willful,[8] and the court heard no evidence that they acted in good faith. The court therefore will award liquidated damages.

The only remaining question is the amount of these damages. "Where a plaintiff sues for unpaid overtime under both the FLSA and the California Labor Code, FLSA liquidated damages are calculated based on the FLSA regular rate of pay even if the plaintiff's damages for the actual amount of unpaid overtime is calculated based on the California Labor Code regular rate of pay."[9] Overtime pay under California law is one and a half times the employee's regular rate of pay for all hours worked in excess of 8 hours up to and including 12 hours in any workday, and double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday.[10] By contrast, the FLSA does not allow for double overtime, and it does not include daily limits on hours worked. Instead, it provides only that the employee must receive "one and one-half times the regular rate" for all hours worked over 40 in a given week.[11]

---

[5] *See* Docket No. 1 at ¶¶ 26-33.

[6] *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 919-920 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b)).

[7] *Id.* at 920 (quoting 29 U.S.C. § 260).

[8] *See* Docket No. 39 at 3.

[9] *Sillah v. Command Int'l Sec. Servs.*, Case No. 14-cv-01960-LHK, 2015 WL 9302925, at *15 (N.D. Cal. Dec. 22, 2015) (citations omitted).

[10] *See* Cal. Lab. Code § 510(a).

[11] 29 U.S.C. § 207(a)(2).

Case No. 14-cv-02945-PSG
JUDGMENT

2

Martinez alleged that he worked three 15-hour days and two 4.5-hour days every week.[12] Accordingly, at trial, he sought overtime wages under California law for the three 15-hour days, for a total amount of $25,200.[13] The calculation under the FLSA would have been different. Martinez claimed to have worked a total of 54 hours a week,[14] which comes to 14 FLSA overtime hours per week, and for which Martinez should have received time-and-a-half wages of $15 per hour. Accepting Martinez' allegations as true, he would have been entitled to a total of $11,760 in liquidated damages.[15] But the jury awarded only $16,000 of the $25,200 Martinez sought under California law, and the verdict form left no room for the jury to explain how it arrived at this number.[16] In the absence of any Ninth Circuit or other case law proffered by the parties that suggests any error in this approach, the court discounts the $11,760 figure at the same rate that the jury applied, for a total of $7,466.67 in liquidated damages.[17]

The court therefore enters judgment for Martinez in the total amount of $29,866.67.[18]

**SO ORDERED.**

Dated: March 8, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[12] *See* Docket No. 1 at ¶¶ 17-18.

[13] *See* Docket No. 24 at 5. Martinez broke this down as $5 per hour ($15 per hour minus the $10 he did receive) for hours 8 through 12 and $10 per hour ($20 per hour minus the $10 he did receive) for hours 12 through 15, for three days a week over 168 weeks.

[14] $15 * 3 + 4.5 * 2 = 54$.

[15] (Additional $5 per hour) * (14 hours per week) * (168 weeks) = $11,760.

[16] *See* Docket No. 39 at 4.

[17] ($16,000 / $25,200) * $11,760 = $7,466.67. Martinez initially sought the entire $25,200 in liquidated damages under the FLSA. *See* Docket No. 24 at 6. He later amended his estimate downwards in light of the jury verdict, but the new calculation still does not account for the different standards for overtime under the FLSA. *See* Docket No. 42 at 2-3.

[18] $16,000 + $2,400 + $4,000 + $7,466.67 = $29,866.67.

Case No. 14-cv-02945-PSG
JUDGMENT

3